Please be seated. Good morning, ladies and gentlemen. Welcome to the Fifth Circuit Court of Appeals. We have one case to be submitted today on oral argument, Poole v. City of Houston. Mr. Najvar, but you can correct my pronunciation because I probably messed that up. Yes, Your Honor. It's a frequent inquiry I give you. It's Navar. So it's Navar? Navar, yes, Your Honor. Navar, okay. Well, I never would have gotten that right. Okay. Good morning, Your Honors. Jared Navar for the plaintiff's appellants. May it please the court. This, as you have probably gathered, is a very unusual procedural situation, but the court is not here, not required to write on a blank slate at all. There are clear principles of federal jurisdiction that dictate that there was no authority under Rule 60B for the district court to do what it did here, which was to reopen this final fee award after Poole 2. So obviously we have two panel opinions from this court. It's important to note that those panel opinions are merits panels. They're not motions panels. And the basic point on sort of the first point I want to establish about how those opinions have to be read together and what they mean in terms of the mandate. Before you do that, what's the relief you want? You want us to reverse the denial of the fee? Yes. As an abuse. Okay. And would that necessarily reinstate the declaratory judgment? Well, if you I believe so, yes. If if the court reverses the. Well, the court would have to say something about how these opinions have to be read together. And why would we give that advisory opinion? And don't we just assess whether or not she abused her discretion in vacating the fee order? Well, right. But the reason she abused her discretion is because the district court refused to read Poole 2 and Poole 1 together. They're both binding on the district court and they're both binding on this this panel as well. So to the I don't think they have to be read to be in conflict to the extent there is a conflict. Are you asking us to address Lackey in the first instance ourselves or that would be left to her? Well, if I mean, Blackie, I think Blackie does not I think Blackie actually supports the maintenance of the fee award. Well, I know you do. But are you asking us to say that? Are you asking us? And if so, is that would we only do that if we reinstate the declaratory judgment? In other words, when you apply Lackey, it's got to be a judicial act. And the only judicial act here is the declaratory judgment. But that was vacated by Poole 2. Was that correct? Well, this is why I think Poole 2 is a little bit ambiguous and unclear on that point. Well, the judgment says we're vacating. The judgment says to vacate the judgment. Plaintiffs actually got more relief after Poole 2 because it said vacate. That's true. But you asked you asked that you went up, right? Well, that's right. We went we went up. And our argument was that the declaratory judgment should be memorialized in the final judgment. Rule 58 separate document. The city's position all along trying to avoid that was to say that the declaratory judgment already sort of referenced in the opinion was already final and permanent and legally binding. One way of looking at Poole 2 is you ask for too much. Well, this this is why this case presents all sorts of these sort of difficulties procedurally, because because Poole 2 did not honor Poole 1. I hope that's clear. That's that's inarguable in my in my view. Well, if it's so clear and inarguable, why didn't you say that in a rehearing petition? Well, because the the rules that govern the mandate on remand. Dictate what I'm saying here still that the district court and any subsequent appellate panel cannot simply ignore a prior merits panel of the Fifth Circuit. Well, what's your authority that we can turn around and say the prior panel? We're just going to ignore both the opinion and the judgment. What's the best case that says a successor appellate panel of three judges can just look through it and provide pool one? What's your best case standing for that application of law? The case? Sure. Well, these are these are all these. I don't want all I want your best case. Well, sure. U.S. versus Walker for one three or two federal third at three twenty four twenty five. That's in your brief is the Fifth Circuit. Yes. Cited in our brief in the law of the case section. OK. And that just to make sure that says that a successor panel of three judges can disregard entirely the opinion and the judgment of a prior panel that didn't adhere to the law of the case. That's what I'll see when I get to that case. Absolutely. And that's what the law of the case means. That's the only reason the law of the case and the rule of orderly orderliness would ever come up is if is if a subsequent panel sees that there's some tension potentially in an earlier with an earlier panel's decision. And what and I've summarized here what Walker said is if there is tension in subsequent panel opinions, the next panel applies the earlier precedent. That's that's the whole thing. And what Walker literally said was the panel must, quote, declined to follow, unquote, the later precedent. And in full, both its analysis and its judgment. Well, this is what Walker held, is that there were conflicting. There was a conflicting earlier opinion. And Walker held the it must the district court of the Court of Appeals must decline to follow the subsequent precedent and said, quote, the earlier precedent controls, unquote. That's Walker three twenty four twenty five. This is this is also there's a Fifth Circuit case called FDIC versus Abraham one thirty seven federal third at two sixty eight. That's from 1998. That's one of the standard statements of the rule of order with us where the court said we are a strict stare decisis court. One aspect of that doctrine to which we adhere without exception is the rule that one panel of this court cannot disregard, much less overrule the decision of a prior panel. Now, I think you're conflating opinion and judgment. Judge Higginson is asking you if the cases that you're referring to make the distinction between the opinion and the judgment. Well, to the extent that I mean, the rule of order in this case is generally say that the opinion of the court of this court is part of what the district court applies on and ascertaining what the mandate is. It does that in light of the opinion. That's a general statement of the law. I agree with that as a general matter. To the extent that there could be a disconnect between the written opinion and the mandate, the pull to mandate the judgment literally says only it must be dismissed without prejudice because there's no case of controversy. That's that's a general statement of just disability. It doesn't pick between standing or movements. So my my position is. As a general rule, the opinion of the court is part of the mandate and it must be strictly adhered to by the court on remand to the extent that there is, though, if there's a if there's an earlier precedent in this court that conflicts with a later precedent. Then even if the mandate were clear that there was a conflict, the rule of order that this would dictate that the earlier precedent controls and yes, you literally must disregard the later precedent if it's in conflict. The fact that the pull to mandate, though, gives us a little bit of leeway and because it doesn't say everything that the opinion says it just said there's no case of controversy that can be read and interpreted and applied and must be to to be a dictate that it be dismissed for lack of jurisdiction because of movements, not because of lack of standing. I do agree. Our law, the case doctrine is tighter than other circuits, but isn't it so tight that there is no miscarriage exception? Miscarriage exception. In other words, you're we've got we've got a pool to I think it's a published PC opinion. It may be very short, but it's a published opinion. So I thought the law, the case doctrine that you would need would be for us to have authority to say, oh, that's a miscarriage. We're going to look past it. Well, you do. And I would say, but then I'm not sure our court has gone with the majority of circuits to even allow it. I think that. Well, there are there are cases where this court has recalled a mandate. I recognize normally that's in the context of doing something like correcting it to include pre or post judgment interest or something like that, sort of on the margins. But there are cases that reflect. I think what you're referring here to here would be like if failure to do so would be a miscarriage of justice, then you must do it and you have the authority to do that. And I agree with that. That's in the cases from Brighton Miller. I think it's section thirty nine thirty eight, which I cited in our response to the city's rule twenty eight letter. So I've got that citation there. There is authority for this court to recall a mandate even to correct a substantive part of an earlier panel opinion. Let's say you're right. And the declaratory judgments reinstated. Wasn't it tentative? In other words, didn't Judge Rosenthal sort of almost courteously say to the city, do you want to have the opportunity? So this is moving to Lackey. Let's assume we sort of erase pool to opinion and judgment, reinstate the declaratory judgment. So then we're facing the fee issue. And let's even assume we decide we're going to apply Lackey first impression for our court. Is does it does it qualify under Buchanan? Is that how you pronounce it? I would say Buchanan. I think that's. Yeah. But I thought Judge Rosenthal was a little tentative in her ruling. Not on that issue. I think she was tentative more on the T.R.O. whether the T.R.O. would qualify under Buchanan, not on the declaratory judgment. But in the declaratory judgment, you have it there, didn't she? Doesn't isn't it really saying that the district court? I mean, the city would have the opportunity to adjust its ordinance. Well, OK, so great. Let me clarify that. Yes. Yes, she did say that. But that is the declaratory judgment. And this is clear in her opinion is a prerequisite to the city's authority to legislate around the charter by an ordinance, because otherwise an ordinance can't trump the city's charter. That's clear under Texas law. And the city I'm not sure where the city has cited a case called Wise versus Lipscomb in their brief. We've cited a case called Steffel versus Thompson. I believe it is the both Supreme Court cases. Those cases say precisely the same thing. And they say what I'm saying here, which is, in other words, it's two examples where the Supreme Court has said the city doesn't necessarily have to amend the law issue or repeal it. If there's a declaratory judgment that renders it unenforceable, but it is by virtue of the court's permanent order, rendering it unenforceable that allows the government to legislate around it. And that's exactly what happened in Wise and Steffel. And that's and that's what Judge Rosenthal did here. And so that's the basis of our argument, which is that this presents such a conundrum. If if the if the declaratory judgment is not in force, if it's vacated because there was no standing to begin with, which can't be done because of pool one, then the declaratory judgment goes away, which would mean we're back where we started. The challenge charter provisions are still in the charter. The city has never moved to amend them. What they've done is responded to a declaratory judgment with an ordinance, which without the declaratory judgment, the ordinance is null and void. That's what I argue below. That's what Judge Rosenthal accepted. And in fact, on the record, page 1487, the city itself in their brief has acknowledged this is in their the briefing that Judge Rosenthal requested on remand. After pool one, the city acknowledged finally at that point that their attempt to legislate around the charter with an ordinance was not intended and cannot be legally binding. That's page 1487 of the record. To address your question, Judge Higginson, about whether the declaratory judgment would be sufficient under lackey, the answer is unequivocally yes. Under under the analysis is described in lackey itself. And this comes from earlier principles. They cite Hanrahan versus Hampton, where so lackey itself says it reiterates the prevailing party status can come from relief on the merits before a final judgment. So then they're distinguishing a preliminary injunction from from from merits relief. Right. The whole point, the whole reason that a preliminary injunction was not sufficient was because it's tentative. It's preliminary. It's not final. It's subject to revision. Hanrahan and reiterated and lackey recognizes the principle that if it's if it's merits relief at some point in the case that's permanent and binding as a declaratory judgment is, then that still suffices for prevailing party status. So so your argument, you would you agree to get anywhere? You've got to reinstate the declaratory judgment. The declaratory. Yes, it has to be recognized to to to have been supported by standing, which pool one found. And I would submit that there was no basis. No, but in other words, so there's no way the fee award stands unless you get that judicial win of yours reinstated. And to do that, it's a frontal contradiction of pool two. That's why you're arguing the case. Right. Well, we would my first argument is no, it's not a frontal contradiction because, again, pool two is ambiguous. And in the in in the wording that it used, and it's notable that they never say standing the pool to says there's no case or controversy. It's almost as if I mean, I don't know why they did that, but it's as if they didn't want to acknowledge pool one. They had to know it was a published opinion. It was been there for three years. But at the time they wrote, they never cited it or acknowledged it. Yet they didn't go. They didn't say there was no standing. It's as if they're acknowledging it, but they don't want to say it in the opinion. So the final point, the there was no basis for mootness by the city's own admission until after the summary judgment was entered in the city itself has said that the summary judgment was was permanent and binding and that their prior that they could not legislate around the charter with an ordinance. Thank you. You saved time for about. Thank you. It's pity. May please the court. I want to do two things today. The first one is to clarify what is properly before the court and what isn't. The second is to demonstrate while why the trial court was correct and had jurisdiction to vacate its fee award under the Fifth Circuit authority and the recent decision by the US Supreme Court in life. You're saying no abuse of discretion to vacate. First argument is pool to binding on the district court binds us no declaratory judgment, no judicial act. Is that the argument? Essentially, essentially, you are. Are you saying in the alternative if there were declaratory judgment that wouldn't meet Lackey's judicial act requirement? If the well, there's not there's not going to be a declaratory judge. I'm asking you to assume that there is a declaratory judgment. I don't know of any post Lackey case that wouldn't say that suffices. Are you arguing it or not? No, Your Honor. If if Lackey if this circumstance exists and I can explain why it wouldn't even if they're right about mootness and how that how that impacts what Lackey talked about was it was to have enduring judicial relief on the merits that was granted by a court. And so if there is enduring judicial relief, then then Lackey would not apply. But that's not the case here. They would be entitled to their feet. They would be entitled to. OK, so if the declaratory judgment is valid, as you said in your brief on page seven, he called he cited 1487. I think it's 1587. But at 1587, you direct us to the letter that the city sent to Judge Rosenthal, which states that the ordinance was changed, amended because of her declaratory judgment. Yes, Your Honor. But there is authority both from Buchanan and which is basically the precursor to Lackey. It was kind of a continuum of cases that basically say that if there is a voluntary change, it has to be that that is not a qualification. Right. But your letter doesn't say voluntary. We notify the court the city passed and adopted in light of the court's memorandum. And then when you look at the ordinance, it says, whereas not just because of Lee Rosenthal, but because of the Fifth Circuit, therefore we amend. How is that not an almost irrefutable example of two judicial acts causing the city to change its ordinance? Your Honor, they initially did. But both of those have. But the declaratory judgment has been vacated. No, I know that. That's the first argument. But if we reinstate the declaratory judgment, I was just trying to clear out some brush. If the declaratory judgment is there, it's a classic Lackey. They get the fee that that would be the case. But even if he's correct, if I may go back to the argument, even if he's correct, that the case somehow became moot as opposed to lacking in case of controversy from the beginning of the case. The remedy at that point is to vacate the judgment and send the case back to remand the case for dismissal. So whether he's correct on the procedural posture of the case, whether you follow Poole too strictly and say that it was dismissed because it was lacking case of controversy or whether it was dismissed because it was somehow moot. In both of those situations, the result would be the same. And that is to get rid of the declaratory judgment, vacate the opinion of the trial court and remand the case for dismissal. OK, now that you you you filed the city's brief back in April of twenty three. Correct. What you've just said is the opposite of what you urged our court, isn't it? No, Your Honor. We put we had in our. OK, let me let me just look at it. You recall the brief wasn't a brief. It was a motion to do what? Actually, it was just a rule. Twenty eight. It was a rule. Twenty seven motion to do what? It was to apprise the court of the lack. It would know your brief in April. Twenty three motion to dismiss the appeal. Yes. Why? Why did you tell our court we should dismiss it on appeal? Because the plaintiffs had received all the relief they could get.  So you were saying the final judgment is standing. And because of Judge Rosenthal's judgment, this court lacked jurisdiction to hear it on appeal. Your Honor, that that would be correct if there were no pool, too. But you told pool to it didn't have authority to hear oral argument, so they didn't hear oral argument. Correct. But they did the opposite of what you requested, correct? No, Your Honor. We had a case of controversy argument in the pool to brief. But what was the case of controversy cited Lane v. Williams? You said Fifth Circuit, you can't hear this because they've gotten everything. You embrace Judge Rosenthal's final judgment. And you said in the alternative, since they were awarded everything pursuant to a proper judgment. You remember this now? Correct. You should what?  Affirm. How is that possibly consistent with what the pool to panel did and what you're arguing to us now? Your Honor, the pool to panel, although we had suggested to the court that there was simply no case of controversy. We had to argue the case in front of us. What happened with pool to is the court's response. They looked at it and said there's no case of controversy here. So that's not. They revisited federal jurisdiction. They revisited federal jurisdiction as they are supposed to do because they essentially have to assume that the jurisdiction does not exist. And then it's up to the appellant to show that that that there's a federal jurisdiction in this case. But you told them there was. You told the pool to panel there was federal jurisdiction. How is that not plain preclusion? Your Honor, we had the case in front of us. But you could have said to them, you could have said, let's go into the intricacies of law of the case. And there's been a change in law or a change in fact. Therefore, disregard pool one, never federal jurisdiction, vacate the judgment. You didn't say any of that. Instead, you endorsed it. You said we have a federal judgment. It's given them everything. Therefore, you shouldn't have a real argument. That that was the that was the judgment we had in front of us. It is not. It's not up to the city. I mean, essentially, it's the same position that we're in at this point. What what would be required of the city in that case is to say pool two was excuse me, pool one was wrong. And the court should reexamine the panel in pool two should reexamine pool one and and question jurisdiction. Once the court had found jurisdiction, we were bound by the decision. But you agree they did the opposite of what you told them to do. So they came up with this whole cloth themselves. No, Your Honor. We had as an alternative argument that there was no case. Yeah, but but don't you know exactly what you filed? You said no case or controversy because they got everything, not no case or controversy. I can read it to you. Your Honor. Your Honor, we we had alternative arguments. One is they have everything they want. And then when we went back in the in the pool to in the pool to appeal, we basically said, oh, by the way, you know, we don't think that there's any that there's ever been a case. OK, where do you say that? And you were in the brief. I've read it. Counsel. You've just said in pool two, you made the alternative argument. There never was jurisdiction. It was probably in the introduction. OK. I don't have the brief in front of me. Yeah, I can tell you, you know, where said that you can follow 28 J. If I'm wrong throughout, you said Judge Rosenthal had jurisdiction. And because of that, because they got all the relief, the court appeals court. The only case you cite is Lane v. Williams, that they've gotten everything. Therefore, it's moot. You know, wherever tried to attack pool one. I'm not saying you couldn't because law, the case arguably allows revisiting if there's a change of law or fact. But I don't see that anywhere in your brief. We I mean, in the in the in the I mean, I, I, I guess I'm not understanding what what the court's the ultimate resolution of the court is saying. If they're if they're if the court is basically saying we have somehow waived any. I'm going to say you wait. I think my view assessment tentatively listening counsel is your arguments were exactly the right ones. I don't know why they pursue the appeal in pool two. You made the exact argument consistent with pool one and district court. Your filing was superb. I'm questioning the position we're in now. So let me ask it differently. Pool two on their own. Not because of you commendably. They just changed course. Did they have oral argument? No, no. Per curio. Correct. I'm not sure if it's a PC or just a short, short opinion published. Third question. So they no oral argument. I don't think they even adopted any of the party's requests. But you don't think so either.  So it's it's no oral argument. Per curio. I think published. No party presentation. Did they even mention pool one? Have you ever heard of a law? The case case where the court that says the earlier panel that should bind us isn't binding without even saying why not? I think I think what the court did and it's hard to fathom it because they it was a very short opinion. But I guess I would I would sort of skip over that because essentially what the what the plaintiffs and appellants are trying to do here is skip over pool two. Well, they are. But we're sure that's why we're picking apart pool two to try to say, is there any coherence to it? Or is it a very naked violation of law? We know why they said there was no jurisdiction from the start. They signed a 1911 Supreme Court case. You studied it. And the panel said that we have here a faux dispute. Correct. Isn't that what they said? Yes or no. I think that's what. OK. Where have you been for the last five years colluding with the plaintiffs? OK, so this isn't a faux dispute case. No, it isn't, Your Honor. And but I think there's there's a difficulty here in that I don't think it was any naked violation of the law of the case. I think that they had opportunities, as we discussed in our brief. There are exceptions to the law of the case doctrine, including one that basically said if they got it wrong, you can correct it. Now, the fact that they didn't talk about how they got it wrong is problematic. Because even a district court can disregard a controlling Fifth Circuit opinion in the law of the case if they say, look at what you missed intervening in the Supreme Court. But I think I think if we go back, though, is the question is this is not for this court. If there was a dispute between pool one and pool two, if they were diametrically opposed, the solution was for the appellants in this case to go to the en banc court. We could have. That's a strong argument. That's a strong argument. We could have done it this week. No, we did not need another en banc. Oh, sure. Well, he would have liked another one. Yeah, I. OK, that's that's. So explore that a little bit. Well, well, the solution, if there is an intra circuit split, is to go to the court and say, look, pool two really messed up. They, you know, completely contradicted or whatever his argument is. They contradicted pool one. And you need to tell us what these cases mean and you need to resolve them. That's the solution. But what they've done in this case is to come to this court, yet another panel of the court and say you panel decide all of the issues that you've just discussed. And and probably what we will get then is a another fourth appeal in this case, which in which there is no case or controversy. So are you saying are you saying we can't or or law the case is discretionary and we shouldn't or both? You shouldn't. Number one, because law of the case doesn't bind courts. It's a discretionary rule. But number two, this court really isn't empowered to do that. And I would suggest that far from the city's having sort of waived anything. I think it is the plaintiffs who did not attack the alleged dispute between pool one and pool two in the proper forum. For example, or or I suppose you're saying they had a frivolous suit, which is what you argued. Second, correct. Correct. Because basically all they were asking to do was they didn't like the way that Judge Rosenthal had phrased the order. And so it was I think it was a pretty frivolous appeal. But but getting back to the core point is that they had an opportunity to do an unbound case. They had the opportunity to file a petition for search. They wanted to go to the Supreme Court. When they got back to the trial court, they could have objected in the trial court. But the trial judge recites that all parties agree that the Fifth Circuit's mandate requires that the court to dismiss the case with prejudice. They didn't raise a peep that it was only when the fees were ordered restored that they decided that there was a conflict. And I would suggest to the court that they've given up their opportunities to do that because we again, we could keep going forever. They could appeal if this case is where the fee request was pending during pool two was correct. Correct. And the court ordered it. And then I think they I think we all sent letters to the court indicating. But that was going to be yet another appeal, a separate appeal, because the timing was was wrong on it. But but again, there was an opportunity for them to do that. They didn't do it. And what what they did do then is say now there's this big dispute, but there's really not a basis for this court. In addition to it not really being empowered to resolve intracircuit conflicts. There's really not a legal basis for essentially skipping over pool to your brief did. And this is also me commending you. But correct me if I'm wrong. You acknowledge that even jurisdiction is subject to law, the case Christians and USPPS. Correct. But what we did say is that that is the most likely to be resolved, that there is a revisited. Right. A heightened level of scrutiny is each court has to determine it. But it's not exempt from all the case. It's not exempt from all the case, but it is most likely to be reexamined. And that's I think what they did here. They just didn't explain their work. And and that's what I think is problematic. But again, there were forums for the court to resolve that. But I'd like to in the little time I have left, because I think the court, at least my my sense was that the court was interested in how lackey applies. Well, only I mean, my colleagues may not. You've got several levels before you get there, but it's intriguing. We haven't issued an opinion on it. So it's really important. Well, I would have thought just to show my cards, I would have thought the declaratory judgment would easily suffice. If the declaratory judgment survives. But in this case, it did not. The pool two was was completely clear on this point is that they will actually pool to vacates the declaratory. I agree. I'm fully agreeing. I'm just thinking if we're setting down a rule going forward, interpreting lackey, I wouldn't. I don't think this declaratory judgment is somehow infirm or tentative. You're not either. No. OK. In other words, it's this is not a litigation catalyst theory that was discredited. If the declaratory judgment exists. Right. Right. However, all of the arguments that that the pool appellants are making here were made in the dissent in Lackey saying, well, you know, you got a voluntary result or you got sort of substantive relief or you got all of these things. And Lackey rejected every one of those arguments. And as to the T.R.O. and the P.I. Correct. Correct. But but basically, I think the lackey decision can be read a little bit more broadly, which is unless you have enduring. And that I think is the operative decision. Unless you have enduring judicial relief on the merits that materially alters the legal relationship, then you don't get fees. But how does your preamble square with that? Because you say in a preamble that that of the ordinance, that the ordinance was changed in light of the decision that you got from Judge Rosenblatt. Well, that's correct. But even under those circumstances, Lackey would say that because of the dismissal of the declaratory judgment, that's fine. And then when you go back. Well, I don't know. But you started your argument off by saying even if even if they had the declaratory judgment. But I think I thought that I conceded to Justice Higginson is that if it somehow could survive, which we do not believe it could under pool to or under any principle of dismissal related to mootness, which is the theory that is proposed by by the pool of pellets in this case, even under those circumstances, it can't survive. But if it somehow could, I think the city has to concede that there would be enduring judicial relief on the merits that materially alters it. But the the the idea of something that that Houston did in reliance upon a decision that has now been vacated, I think, is specifically excluded under lack. You didn't argue pool one. You've just been called in to clean it up for a bunch of years. Essentially, although, yeah, I mean, I think, you know, I think that if if if this court were full and this were the en banc court, all of these issues I think would be properly before the court. But it's just you guys. And as esteemed as the panel is, this is not a case where this panel is empowered to resolve what they're alleging is a dispute between two two opinions. The we could if we saw a miscarriage, let's say an intervening Supreme Court opinion, then we could correct. Correct. You just say there's no miscarriage here, but there's not here. The the only intervening Supreme Court case is lackey, which I think fully supports Houston's position. And there's there's not really been a miscarriage here. I think the miscarriage, frankly, was in pool one. And Judge Acosta's basically saying that we're not going to look at adversariness. We're going to go back to a deposition question by outside counsel seven years before. Or we're going to look to the fact that the city and Judge Smith knows that cities are not the most efficient things from his time as city attorney in Houston, that the fact that Houston didn't put any sort of indicator in its in its notation in its charter about the Buckley decision. But but aside from those, there is nothing that has changed the circumstance that would empower this court to go back and say, we're going to just ignore pool two. We're going to go back to pool one, which was tentative, which was based on amended pleadings, which was a lot of what you say makes sense. Except now you're attacking pool one. You didn't seek rehearing as to pool one. No. So it's sort of the same on bond point. You should be pointing at everybody if you didn't like pool one. Well, Your Honor, I mean, there's nothing that says and I think that's part of lackey, but it's also part of flowers. It's also part of the case that we cite in our brief at fifty five and fifty six. All of those cases say we were not required to either appeal pool two or pool one to avail ourselves of rule 60 B5. Thank you, counsel. Thank you. Mr. Navarro. Thank you, Your Honor. And a few quick points. Number one, I just want to clarify that I believe the law of the case and the rule of orderliness does show that this panel does have the power. Of course, you can't reform a prior panel opinion on the merits if there's no conflict. But if there are two prior panel opinions and there is a conflict that you see, the law of the case and the rule of orderliness does provide a way for you. A way, the power. But you agree it's discretionary. It's discretionary. But so how why would we ever exercise our discretion when you chose not to take, as she said, the vehicle that was available to you? Second, you see pool two and it's just a horrific violation of law of the case. You didn't even ask the panel to be here. Well, because, as Your Honor recognized earlier, the law of the case is binding on the district. But you didn't tell them that. No, right. But we did. Well, we did tell the district court when they first of all, pool two comes out. Well, Judge Rosenthal is not going to. Judge Rose, Judge Rosenthal. Well, OK, what you're telling me is when I go back and look at the remand, you told Judge Rosenthal to ignore Fifth Circuit opinion. But she said the opposite. I'm not going to ignore Fifth Circuit opinion. Well, and in doing that, she ignored pool one, which is not proper. But you are opposing counsel as a power if if this isn't jurisdictional law of the case and it's not and it's discretionary. First of all, you we you see the predicament you're asking us, you're asking us to commit the same sin. You're asking us to disregard a panel, but your argument is they disregarded a panel. Well, if you I mean, you know, I'm asking you to disregard a subsequent panel to the extent it conflicts with an earlier panel, which is simply what the law of the case requires. But what mystifies me is why didn't you ask for even panel rehearing the minute you saw it? And isn't that the end of the story in terms of discretionary review? Right. Well, you may be right about everything, but we're not going to get into an endless cycle, as the lawyer said, against our colleagues. Then it comes back up and they say we're wrong. Well, let me let me answer the question. Yeah. So and it goes to your honor's point. Frankly, I'm tired of this case. Honestly, this court is tired of this case. I've filed three appeals so far. I think this is the fourth because there was an appeal of there was a protective appeal of a fee award earlier. Poll two came out and I was completely stunned by it. I saw immediately that it's it's it's in conflict with poll one. I researched the law of the case. The law of the case is binding on the district court as well as the panel of this court. So rather than try to continue the cycle in the court of appeals, rather than seek to have 17 judges sit in this room, I went to Judge Rosenthal and I said, look, both literally my brief is there. I started off saying there's two opinions. They're both binding. I mean, there's no dispute about that. We can't just ignore poll one. This court can't. And the district court can't either. So she was in a pickle. Well, arguably, I mean, I'm not trying to dignify poll two, but that panel did say and you had a judge on both panels. I'm sure you've noticed poll one. You had Judge Engelhardt poll two. There he is. So he knows poll one. I did. But they came up with a different theory. It is I think it's fair to say instead of standing in mootness, they said they went back to this old Supreme Court decision and said no adversity. And they they they cite this very narrow doctrine called the faux dispute doctrine where courts don't have jurisdiction if parties are colluding. That's never been in this case before. But all of a sudden, that's the basis for the ruling. Lee Rosenthal can't disregard that new basis. You have to say to the panel, no one's ever argued that to you panel and there's no factual support for collusion. We've been at the throats of each other for five years, but you didn't. Well, and but one of the reasons I made the argument to the district court in the first instance to apply the law of the case and reconcile these opinions was because poll, as I've argued consistently, poll two does not have to be read. They can they can be reconciled because of again, poll two doesn't say there's no standing directly. They say there's no case of controversy that encompasses mootness. And that was the argument. I said you can read it that way to reconcile both of them. And there's there's no argument. I want to make this point before my time ends. There's no argument. And the city has actually conceded this is in their brief of twenty two to twenty three. To the extent there's a question because you're right, Judge Higginson, nobody has yet addressed the question of when did mootness supposedly attach? If you read poll to the mean, there was it must be dismissed without prejudice because mootness attached. You have to recognize what the city itself has said, which is that the mootness came after the declaratory judgment. When the plaintiffs conceded, they didn't have to resurrect their Second Amendment complaint and argue all their constitutional challenges to the new ordinance. That's when mootness happened. But you can't undo the declaratory judgment. And so, in other words, if this court were to simply say, look, poll two must be read, reconcile or pull one to mean that mootness attached at the time poll two was decided. There may still be a question of you don't have to specifically say the declaratory judgment must be reinstated because that's what what that would mean. The district court on the first instance might have to examine the question, OK, if poll two means that then when did mootness attach and does it leave the declaratory judgment attack? That could still be a question available on remand. So you wouldn't necessarily have to answer that question. Thank you, Mr. Newell. Your case is under submission and the court is in recess under the usual order. Thank you.